IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RONALD BIFANI,                                      Case No. 8:12-bk-00562-CED

    Debtor.
_____/

SHARI S. JANSEN                                     Chapter 7

    Plaintiff,
v.                                                  Adv. Pro. No. 8:12-00288-CED

ARLENE M. LAMARCA,

    Defendant.
_____/

## MOTION TO DISMISS COMPLAINT

COMES NOW, the defendant, ARLENE M. LAMARCA, by and through the undersigned attorney, and pursuant to F.R.B.P. 7012, files this Motion to Dismiss Complaint, and states as grounds the following:

### COUNT I

1. The allegations of Count I fail to state a claim upon which relief can be granted.

2. Specifically, the facts allege that several transfers occurred more than three years prior to the filing of the bankruptcy case.

3. Under section 11 U.S.C. 544 (b), the trustee succeeds to the right of an unsecured creditor in existence at the commencement of the case who can avoid the alleged transfers under applicable state law.

-1-

4. If there is no creditor with rights to avoid the alleged transfers under applicable law, the trustee is powerless to act under section 544(b).

5. The trustee must allege the existence of an actual creditor with a viable cause of action against the debtor which is not time barred or otherwise invalid.

6. The trustee has failed to identify or otherwise allege with specifically the existence of such a creditor.

7. Accordingly, the allegations do not establish that the trustee has standing under 11 U.S.C. 544(b).

8. Further, the complaint fails to allege specific facts in support of the theory that debtor was insolvent at the time of the alleged transfers.

## COUNT II

9. The allegations of Count II fail to state a claim upon which relief can be granted.

10. Specifically, the facts allege that several transfers occurred more than three years prior to the filing of the bankruptcy case.

11. Under section 11 U.S.C. 544 (b), the trustee succeeds to the right of an unsecured creditor in existence at the commencement of the case who can avoid the alleged transfers under applicable state law.

12. If there is no creditor with rights to avoid the alleged transfers under applicable law, the trustee is powerless to act under section 544(b).

13. The trustee must allege the existence of an actual creditor with a viable cause of action against the debtor which is not time barred or otherwise invalid.

14. The trustee has failed to identify or otherwise allege with specifically the existence of

such a creditor.

15. Accordingly, the allegations do not establish that the trustee has standing under 11 U.S.C. 544(b).

16. Further, the complaint fails to allege specific facts in support of the theory that debtor was insolvent at the time of the alleged transfers.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss Complaint was served electronically or by regular U.S. Mail to the United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; Trustee, Shari Streit Jansen, P.O. Box 50667, Sarasota, FL 34232; Christopher D. Smith, Esq., Christopher D. Smith, P.A., 5391 Lakewood Ranch Blvd. N., Suite 203, Sarasota, FL 34240; Lori V. Vaughan, Trenam, Kemker, Scharf, Barkin et al, Attorney for Trustee, P.O. Box 1102, Tampa, FL 33601-1102; and Debtor, Ronald Bifani, 101 Garden Lane, Sarasota, FL 34242 this   29th   day of May, 2012.

/s/ Benjamin G. Martin
Benjamin G. Martin
Attorney at Law
1620 Main Street, Suite One
Sarasota, Florida 34236
(941) 951-6166
Florida Bar No. 464661