IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RONALD BIFANI,                       Chapter 11
                                                 Case No.: 8:12-bk-00562-MGW

    Debtor.
_____/

SHARI S. JANSEN, Chapter 7 Trustee          Adversary No. 8:12-ap-00288-MGW

    Plaintiff,

vs.

ARLENE M. LAMARCA,

    Defendant.
_____/

**<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

       COMES NOW the Defendant, ARLENE LAMARCA, by and through the undersigned attorney, and files this answer to the Second Amended Complaint and states the following:

        1.      Admitted for jurisdictional purposes only.

        2.      Admitted for jurisdictional purposes only.

        3.      Admitted.

        4.      Admitted.

        5.      Admitted.

        6.      Admitted.

        7.      Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Debtor and Defendant at times have been friends, but the rest of paragraph 12 is denied.

13. Debtor currently resides at defendant's home, but the rest of paragraph 13 is denied.

14. Denied

15. Admitted that a judgment was obtained against debtor by Richard Davis, but the rest of paragraph 15 is denied.

16. Denied

## COUNT I
## FRAUDULENT TRANSFER - GOLDEN EAGLE ROAD PROPERTY

17. Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

18. Admitted for jurisdictional purposes only.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## COUNT II
## FRAUDULENT TRANSFER - GOLDEN EAGLE ROAD PROPERTY

23. Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

24. Admitted for jurisdictional purposes only.

25. Denied.

26. Denied.

27. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## COUNT III
## FRAUDULENT TRANSFER - GOLDEN EAGLE ROAD PROPERTY

28. Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

29. Admitted for jurisdictional purposes only.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## COUNT IV
## FRAUDULENT TRANSFER - BALD EAGLE ROAD PROPERTY

33. Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

.

34. Admitted for jurisdictional purposes only.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## COUNT V
## FRAUDULENT TRANSFER - BALD EAGLE ROAD PROPERTY

39. . Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

40. Admitted for jurisdictional purposes only.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## COUNT VI
## FRAUDULENT TRANSFER - BALD EAGLE ROAD PROPERTY

44. Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

45. Admitted for jurisdictional purposes only.

46. Debied.

47. Denied.

48. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## COUNT VII
## EQUITABLE LIEN

49. Defendant reasserts her answers as set forth in paragraphs 1 through 16 above.

50. Admitted for jurisdictional purposes only.

51. Admitted that the property was sold but the rest of paragraph 51 is denied.

52. Admitted.

53. Defendant is uncertain concerning the allegation regarding the Real Property and therefore, the same is denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, the Defendant prays that the Court grant judgment in her favor, and for her costs, and attorney's fees.

## FIRST AFFIRMATIVE DEFENSE

57. That defendant further affirms she received said transfers in good faith and for reasonably equivalent value.

SECOND AFFIRMATIVE DEFENSE

58. That defendant further affirms that she is entitled to receive, to the extent of value given for said transfers, to a lien on or right to retain her interest in the properties.

THIRD AFFIRMATIVE DEFENSE

59. That defendant further affirms that she received said transfers in good faith and that she improved said properties and is entitled a lien on said properties for the cost of said improvements and for the increase in value of the properties as a result of such improvement.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Answer and Affirmative Defenses has been furnished electronically or by U.S. Mail to Lori V. Vaughan, Esq., Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Suite 2700, Bank of America Plaza, 101 East Kennedy Blvd., Tampa, FL 33602 this ___11th___ day of July, 2012.

    /s/ Benjamin G. Martin
Benjamin G. Martin
Attorney at Law
1620 Main Street, Suite One
Sarasota, Florida 34236
(941) 951-6166
Florida Bar No. 464661